## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 10-01328-DD |
| Annie M. Middleton, | Chapter 7 |
| Debtor(s). | **ORDER** |

THIS MATTER is before the Court on Annie M. Middleton's ("Debtor") Certification of Inability to Complete Pre-Petition Credit Counseling ("Certification") filed on February 25, 2010. Included as part of Debtor's Certification was a request that the Debtor be exempt from pre-petition credit counseling pursuant to 11 U.S.C. § 109(h)(4).[1] A hearing was conducted concerning Debtor's Certification, however the Debtor failed to appear at the hearing. Based on the Debtor's assertions in the Certification, the Court finds that the Debtor's request should be denied.

### *BACKGROUND*

Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on February 25, 2010. Along with her petition, Debtor filed the Certification asserting that she is disabled within the meaning of § 109(h)(4). Debtor filed her petition and the Certification at issue *pro se*. Included with Debtor's Certification was a Notice of Decision – Fully Favorable from the Social Security Administration ("SSA") dated December 12, 2007. On March 3, 2010 the Court entered an order requiring the Debtor to provide the Court with any documentation supporting her contention that she was entitled to the exemption under § 109(h)(4). Debtor filed additional medical records on March 11, 2010.

---

[1] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, will be by section number only.

1

The decision of the SSA found that the Debtor has not engaged in substantial gainful activity since October 26, 2006.  Further, the SSA concluded that Debtor is severely impaired with osteoarthritis and diabetic neuropathy.  Debtor has a history of osteoarthritis in the lumbar and cervical spine and had total knee replacement secondary to osteonecrosis of the right patella.  Additionally Debtor's doctor stated to the SSA that Debtor is unable to lift five pounds on a repetitive basis because of weakness in her hands from carpal tunnel and pains in her knees.  Debtor is unable to sit for six hours in a normal position and cannot stand for two hours.  Due to the total knee replacement, Debtor cannot walk short distances due to pain.  Debtor also has fibromyalgia and major depression.

## *DISCUSSION*

Section 109(h)(1) of the Bankruptcy Code provides that an individual may not be a debtor under any chapter unless the individual has, within the 180 days before the petition date, received an individual or group briefing that outlined credit counseling opportunities and assisted the individual in performing a budget analysis.  The Bankruptcy Code further provides that a debtor is exempt from the pre-petition credit counseling requirement upon a showing that the debtor's disability is so severe that he or she is "unable, after reasonable effort, to participate in an in person, telephone, or internet briefing."  § 109(h)(4).  The purpose of the disability exemption of pre-petition credit counseling is to avoid the absurd situation of requiring a debtor who will receive no benefit from such counseling from being required to attend.  *See In re Hall*, 347 B.R. 532, (Bankr. N.D. W. Va. 2006) (waiving the post-petition education requirement due to the limited mental capacity of an elderly debtor).

Disability for the purposes of § 109(h)(4) requires more than mere physical impairment, rather there must be no ability to obtain a meaningful briefing. *In re McBride*, 354 B.R. 95 (Bankr. D.S.C. 2006) (finding incarceration alone is not a disability within the meaning of the statutory definition). The disability exemption of § 109(h)(4) only applies if a debtor demonstrates that: (1) the debtor is severely physically impaired; (2) the debtor has made a reasonable effort, despite the impairment, to participate in the pre-petition credit counseling; and (3) the debtor is unable, because of the impairment, to participate meaningfully in an in person, telephone, or internet briefing pre-petition. *In re Smith*, C/A No. 07-5726-DD, slip op. at 2 (Bankr. D.S.C. Nov. 30, 2007); *In re Tulper*, 345 B.R. 322, 326 (Bankr. D. Colo. 2006); *In re Winston*, 2007 WL 1650926, 2007 Bankr. LEXIS 2011 (Bankr. E.D. Cal. 2007); *In re Hall*, 347 B.R. 532 (Bankr. N.D. W. Va. 2006).

In this case, the decision of the SSA provides evidence that Debtor suffers from a physical impairment and that she is disabled for the purposes of receiving Social Security Disability benefits. The SSA decision and Debtor's medical records do not demonstrate a physical disability so severe as to render Debtor unable to participate in a pre-petition credit counseling briefing. Debtor failed to appear at the hearing and there is no other evidence before the Court.

IT IS THEREFORE ORDERED that the Debtor's request for an exemption from the credit counseling requirement of § 109(h)(1) is DENIED. Debtor shall have ten (10) days from the entry date of this order to obtain credit counseling from an approved credit counseling agency and file a certificate with the Court. If Debtor fails to comply with this order, this case may be dismissed without further notice or hearing.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**04/02/2010**



Entered: 04/05/2010

US Bankruptcy Court Judge
District of South Carolina